IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURENCE MATHIS : <br> 2024 Summit Avenue : <br> Oakford, PA 19053 :    CIVIL ACTION NO. <br>           Plaintiff : <br> vs. : <br> : <br> : <br> UNICARE LIFE AND HEALTH : <br>  INSURANCE COMPANY : <br> 232 S. Wacker Drive, Suite 3900 : <br> Chicago, IL 60606 : <br>     and : <br> LORD & TAYLOR : <br> 424 5th Avenue : <br> New York, NY 10018 : <br>           Defendants : | |

## COMPLAINT

And now comes the Plaintiff, Laurence Mathis, by and through undersigned counsel, and hereby files this Complaint against Defendants, Unicare Life and Health Insurance Company and Lord & Taylor, upon causes of action of which the following is a statement:

1.  Plaintiff Laurence Mathis ("Plaintiff") brings this action against Defendants Unicare Life and Health Insurance Company ("Unicare") and Lord and Taylor ("Lord & Taylor"), for violation of the Employment and Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA"). Plaintiff was a participant in Lord & Taylor's employee benefit short-term and long-term disability and life insurance plan (the "Plan"). The Plan is an ERISA welfare benefit plan administered by Lord & Taylor. The Plan benefits are administered pursuant to a Unicare group insurance policy which bears Policy Group No. 170130 ("Policy"). This Complaint challenges the Defendants' unlawful denial of Plaintiff's

1

claim for Short Term/Long Term Disability and Waiver of Life Insurance Premium benefits. Benefit determinations are controlled exclusively by the Policy.

## PARTIES:

2. Plaintiff Laurence Mathis is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2024 Summit Avenue, Oakford, PA, 19053.

3. Plaintiff has standing to bring this action under ERISA, 29 U.S.C. §1132(a).

4. The Plan is administered and funded by Defendant Lord & Taylor.

5. Defendant Unicare has its corporate headquarters for disability claims located at 233 S. Wacker Drive, Suite 3900, Chicago, IL, 60606.

6. Defendant Unicare is a corporation, partnership or other business entity licensed to transact business in the Commonwealth of Pennsylvania.

7. Defendant Lord & Taylor has its corporate headquarters located at 424 5th Avenue, New York, NY 10018.

8. Defendant Lord & Taylor is a corporation, partnership or other business entity licensed to transact business in the Commonwealth of Pennsylvania.

9. The Plan designates the Commonwealth of Pennsylvania as the governing jurisdiction.

10. At all relevant times, Defendants have continuously been and are now doing business in the Commonwealth of Pennsylvania, within the jurisdiction of the United States District Court, Eastern District of Pennsylvania.

## JURISDICTION AND VENUE:

11. This is an action for equitable relief and damages, to secure protection of and to redress Plaintiff's deprivation of rights secured pursuant to 29 U.S.C. §1132(e) and (f) because of Defendants' breach of their ERISA obligation to Plaintiff.

12. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5 due to claims arising under the laws of the United States.

13. Jurisdiction of this Court is also invoked pursuant to the Plan designating the Commonwealth of Pennsylvania as the governing jurisdiction.

14. Venue is also proper in this District since Plaintiff's place of domicile is within this District, as required by 42 U.S.C. §2000e-5(f)(3).

15. Plaintiff, at all times pertinent, was a participant within the meaning of 29 U.S.C. §1002(2)(7) in the Plan.

## FACTUAL ALLEGATIONS:

16. The Plan under which the Plaintiff is suing is a group policy providing short-term disability benefits, long-term disability benefits, and life insurance benefits. A copy of the Plan is attached hereto as Exhibit "A".

17. From his date of hire through approximately August 5, 2011, Plaintiff was working full-time for Defendant Lord & Taylor and satisfied the minimum hours requirement of the policy. He has not worked since that date.

18. Plaintiff's job title with Defendant Lord & Taylor was "Painter/Carpenter".

19. The Plan's covered class includes Plaintiff.

20. As a full-time employee, Plaintiff became and was at all times relevant hereto insured under the Plan.

3

21. The Plan provides for short and long term disability benefits and life insurance benefits to covered employees who meet all contractual provisions, including the definitions of employee, eligible group, elimination period, and all other provisions required for the issuance of benefits.

22. Plaintiff was considered disabled by Defendants and received long term disability benefits for the period of August 5, 2011 through August 2, 2013.

23. Subsequently, due to the same injuries for which he was receiving long term disability benefits through "the Policy", Mr. Mathis was awarded Social Security Disability benefits. As such, the amount due for the long term disability had decreased to a reduced amount.

24. Under the long term disability benefits policy, Plaintiff's long term disability benefit had been $2,400.00 per month. Pursuant to a Social Security offset, that number would then be reduced to $665.00 per month.

25. By letter dated approximately August 2, 2013, Defendant Unicare notified Claimant that he was not totally disabled and therefore did not meet the qualifications under the policy. (See Exhibit "B" attached hereto).

26. Plaintiff filed a timely appeal to the denial of discontinuance of benefits by letter dated August 16, 2013. (See Exhibit "C" attached hereto).

27. Subsequently, Plaintiff's counsel repeatedly attempted to contact agents of Defendant to inquire as to appropriate information required. (See correspondence attached hereto as Exhibits "D" and "E" which are letters dated August 16, 2013 and January 21, 2014.

28. Pursuant to Plaintiff's appeal, despite being supplied with voluminous records documenting Plaintiff's injuries including a letter dated November 4, 2013, via certified mail

directed by this office from a Camille Fundora, Esquire, to an agent of Unicare, Christy Woods, explaining the discrepancy and their disability of determination, Defendant Unicare has failed to reinstate Plaintiff's long term disability benefits. (See Exhibit "F" attached hereto).

29. Pursuant to the Plan, Plaintiff is entitled to long term disability benefits from the date he was terminated through the present because he could not and cannot perform any gainful activity as evidenced by his receipt of Social Security Disability benefits.

30. From the above date and thereafter, Plaintiff is entitled to long term disability benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Laurence Mathis prays for the following relief:

a. Declaratory relief ordering that Plaintiff is entitled to long term disability benefits in the net amount of $665.00 per month ongoing from the date of termination.

b. Declaratory relief ordering that Plaintiff satisfied the applicable definition of disabled and continues to meet said definition in order that long term benefits be payable from the date of termination and continuing thereafter, plus interest;

c. Reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(a);

d. Any other relief as deemed applicable by this Honorable Court.

Respectfully submitted,

STAMPONE LAW, P.C.

BY:_____
JAMES P. MCNALLY, ESQUIRE
Attorney I.D. No. 37085
500 Cottman Avenue
Cheltenham, PA  19012
jmcnally@stamponelaw.com
(215) 663-0400
Attorneys for Plaintiff

Dated: 1-19-17

5